UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHANDRICA EDWARDS-EL as an Administratrix of the Estate of IRVING MIZELL, Deceased, and SHANDRICA EDWARDS-EL, Individually, <br><br> Plaintiffs, <br><br> -against- <br><br> THE CITY OF NEW YORK, POLICE OFFICER EARL JAVELLANA, POLICE OFFICER MEGAN CARROLL, POLICE OFFICER JONATHAN KANE, POLICE OFFICER TODD CRAVEN and LT. LUDWIG ROMERO, <br><br> Defendants. | Docket No.: 1:14-cv-04507-SJ-VMS <br><br> **AMENDED** <br> **VERIFIED** <br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED <br><br> Hon. Sterling Johnson, Jr |

Plaintiff, SHANDRICA EDWARDS-EL as an Administratrix of the Estate of IRVING MIZELL, Deceased, and SHANDRICA EDWARDS-EL, Individually by their attorneys, RHEINGOLD, VALET, RHEINGOLD, McCARTNEY & GIUFFRA LLP, as and for their Amended Verified Complaint against the defendants herein, respectfully sets forth and alleges the following, upon information and belief:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive  damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1988 for violations of her father's civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

2.      The action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

1

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1 391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## CONDITIONS PRECEDENT

6.      Plaintiff has duly complied with conditions precedent to this lawsuit by duly and properly filing a notice of claim within ninety (90) days of the occurrences of the events giving rise to this lawsuit. More than thirty (30) days has elapsed since service of the aforesaid Notice of Claim upon Defendant THE CITY OF NEW YORK and Defendant THE CITY OF NEW YORK has failed, neglected and refused to pay, settle, compromise or adjust the claims of the Plaintiff herein.

## PARTIES

7.      Plaintiff SHANDRICA EDWARDS-EL ("SHANDRICA") is a citizen of the United States, and at all relevant times a resident in Oswego County, Village of Parish, and State of New York.

8.      That plaintiff's intestate IRVING MIZELL ("MIZELL") died on March 7, 2013 and on May 8, 2014 plaintiff SHANDRICA was issued Letters of Administration for the Estate of MIZELL by the Surrogate's Court of Richmond County and the plaintiff SHANDRICA has qualified and is now acting as Administratrix of the Estate.  Annexed hereto is a copy of the Letters of Administration.

9.      Defendant CITY OF NEW YORK (hereinafter "CITY") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10.     Defendant NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD") is an agency that is controlled and operated by the City and is duly organized and formed by defendant City under and by virtue of the laws of the State of New York.

11.     Defendant Police Officer Defendant EARL JAVELLANA ("JAVELLANA"), of the 120th Precinct was and still is an employee of the City of New York and is sued in his individual and official capacities.

12.     That at all times hereinafter mentioned, defendant Police Officer JAVELLANA was agent, servant and/or employee of NYPD.

13.     That at all times herein mentioned, defendant JAVELLANA was a Police Officer in the employ of Defendant CITY.

14.     Defendant Police Office Defendant MEGAN CARROL ("CARROL") of the 120th Precinct was and still is an employee of the City of New York and is sued in his individual and official capacities.

15.   That at all times hereinafter mentioned, defendant Police Officer CARROLL was agent, servant and/or employee of NYPD.

16.     That at all times herein mentioned, defendant CARROLL was a Police Officer in the employ of Defendant CITY.

17.     Defendant Police Officer Defendant Police Officer JONATHAN KANE ("KANE"), of the 120th Precinct was and still is an employee of the City of New York and is sued in his individual and official capacities.

3

18.     That at all times hereinafter mentioned, defendant Police Officer KANE was agent, servant and/or employee of Defendant NYPD.

19.     That at all times herein mentioned, defendant KANE was a Police Officer in the employ of Defendant CITY.

20.     Defendant Police Officer Defendant Police Officer TODD CRAVEN ("CRAVEN"), of the 120th Precinct was and still is an employee of the City of New York and is sued in his individual and official capacities.

21.     That at all times hereinafter mentioned, defendant Police Officer CRAVEN was agent, servant and/or employee of NYPD.

22.     That at all times herein mentioned, defendant CRAVEN was a Police Officer in the employ of Defendant CITY.

23.     Defendant Police Officer Defendant LT. LUDWIG ROMERO, ("ROMERO"), of the 120th Precinct was and still is an employee of the City of New York and is sued in his individual and official capacities.

25.     That at all times hereinafter mentioned, defendant Police Officer ROMERO was agent, servant and/or employee of NYPD.

26.     That at all times herein mentioned, defendant ROMERO was a Police Officer in the employ of Defendant CITY.

27.     The individual defendants are employees of Defendant City and other government entities and are sued in their individual and official capacities and are alleged to have acted under the color of state.

# FACTS

28. On March 7, 2013, at approximately 6:30 pm, plaintiff's intestate MIZELL was lawfully in the vicinity of 456 Richmond Terrace, County of Richmond, City and State of New York, which is a building owned and operated by New York City Housing Authority.

29. At the aforesaid time and place the plaintiff's intestate was, without just cause, wrongfully assaulted by the aforementioned members of the New York City Police Department, which the New York City Police Department failed to prevent, although it could have done so in the exercise of reasonable care.

30. Said assault took place while the plaintiff's intestate was being falsely arrested for a violation of an order of protection under docket number: 2012RI008557, which has now been disposed of.

31. Despite Plaintiff's intestate not having committed any crimes or infraction, nor there being any other form of probable cause, the individual defendants stopped and arrested him.

32. Following plaintiff's intestate arrest, defendants transported him into the building stairwell where the officers viciously beat, and assaulted him while dragging him down seven (7) flights of stairs.

33. Significantly, at the time the defendants took plaintiff's intestate into the stairwell, there were several elevators readily available for use.

34. The Defendants were fully aware at that time, that there were no security cameras present in the stairway of the building or in any stairways of buildings owned by the New York City Housing Authority. Importantly in the common areas of the building, including the

5

elevators, security cameras were present. Defendants utilized the absence of security cameras to batter, beat, and abuse plaintiff's intestate, without risk of their misdeeds being recorded.

35.     Plaintiff's intestate was taken to the 120th precinct where he was denied medical treatment despite repeated requests and pleas.

36.     Thereafter, at approximately 8:57 PM, Plaintiff's intestate was transported by Ambulance to Richmond University Medical Center.

37.     On March 7, 2013 at approximately 8:57 PM Plaintiff's intestate was pronounced dead as a result of the injuries sustained by him.

38.     That at all times relevant hereto, the individual defendants acted willfully and wantonly and with deliberate indifference to the rights and feelings of the Plaintiff's intestate.

39.     That at all times relevant hereto, the individual defendants acted in accordance with an established policy, practice, custom, and/or procedure which violated the Plaintiff's intestate's known constitutional rights.

40.     That at all times relevant hereto, the individual defendants acted without reasonable suspicion and/or probable cause that the Plaintiff's intestate committed a crime.

41.     That on the above referenced date and time, defendants JAVELLANA, CARROLL, KANE, CRAVEN and LT. ROMERO wrongfully stopped and detained the Plaintiff's intestate without probable cause.

42.     That at all times relevant hereto, the defendants conduct violated clearly established constitutional rights of the Plaintiff's intestate, which a reasonable police officer knew or should have known.

43.     That the above-referenced actions of the individual defendants constituted police harassment based upon the Plaintiff's intestate's race, age and sex, in violation of his known constitutional rights.

44.     As a result of the foregoing occurrence Plaintiff's intestate sustained, among other injuries, devastating and catastrophic injuries to his head, neck, back and body causing significant pain and suffering and fear of impending death; that the foregoing injuries caused, hastened and/or resulted in the premature death of Plaintiff's intestate MIZELL on March 7, 2013.

45.     That the amount of damages sought herein exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A FIRST CAUSE OF ACTION FOR: EXCESSIVE FORCE PURSUANT TO 42 § USC 1983

46.     Plaintiff's intestate repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1 " through "45" with the same force and effect as if fully set forth herein.

47.     That Defendant Police Officers EARL JAVELLANA, MEGAN CARROLL, JONATHAN KANE, TODD CRAVEN and LUDWIG ROMERO used excessive force while arresting Irving Mizell.

48.     That Defendant Police Officers EARL JAVELLANA, MEGAN CARROLL, JONATHAN KANE, TODD CRAVEN and LUDWIG ROMERO failed to use the amount of force a reasonable and prudent police officer would use in making the arrest of Irving Mizell under the same facts and circumstances.

49.     That the amount of force used by Defendant Police Officers EARL JAVELLANA, MEGAN CARROLL, JONATHAN KANE, TODD CRAVEN and LUDWIG ROMERO in the arrest of Irving Mizell was unreasonable given the surrounding circumstances.

50.     That Defendant Police Officers EARL JAVELLANA, MEGAN CARROLL, JONATHAN KANE, TODD CRAVEN and LUDWIG ROMERO used deadly physical force in the arrest of Irving Mizell.

51.     In that Plaintiff did not pose a significant threat of death or serious physical injury to the arresting officers or others.

52.     That the excessive force was attributable to Defendant Police Officers EARL JAVELLANA, MEGAN CARROLL, JONATHAN KANE, TODD CRAVEN and LUDWIG ROMERO, while said parties were acting under color of state law as police officers of the New York City Police Department.

53.     That the conduct of Defendant Police Officers EARL JAVELLANA, MEGAN CARROLL, JONATHAN KANE, TODD CRAVEN and LUDWIG ROMERO deprived the plaintiff of a right guaranteed under the Constitution of the United States

54.     That the conduct of Defendant Police Officers EARL JAVELLANA, MEGAN CARROLL, JONATHAN KANE, TODD CRAVEN and LUDWIG ROMERO deprived the plaintiff of a right guaranteed under the Constitution of the United States, including but not limited to Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures.

55.     That as a result of the foregoing, Defendant Police Officers EARL JAVELLANA, MEGAN CARROLL, JONATHAN KANE, TODD CRAVEN and LUDWIG ROMERO

violated Plaintiff's constitutional rights and are therefore subject to pay the damages caused to Plaintiff pursuant to 42 USC §1983.

56.    That Defendants used force to arrest Irving Mizell and the force used was unreasonable and excessive and caused unnecessary injuries to Plaintiff's intestate.

57.    That as a result of the foregoing, Plaintiff's intestate sustained, among other injuries, devastating and catastrophic injuries to his head, neck, back, heart and body causing significant pain and suffering and fear of impending death; that the foregoing injuries caused, hastened and/or resulted in the premature death of Plaintiff's intestate MIZELL on March 7, 2013.

58.    That as a result of the excessive force used by Defendant Police Officers EARL JAVELLANA, MEGAN CARROLL, JONATHAN KANE, TODD CRAVEN and LUDWIG ROMERO, Irving Mizell sustained cardiac arrest, hypertensive and atherosclerotic cardiovascular disease, cardiac hypertrophy, renal arteriolar sclerosis, aortic atherosclerosis, abrasions of face, hands and legs, contusions of face, right ear, arms and torso, contusions of lower lobe of left lung, subcutaneous contusions of arms, torso and legs, left bulbar conjunctival hemorrhage and abrasion of inside of upper lip.

59.    That the amount of damages sought herein exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION FOR:
### WITHHOLDING MEDICAL CARE PURSUANT TO 42 § USC 1983

60.    Plaintiff's intestate repeats, reiterates, and realleges each and  every  allegation contained in paragraphs numbered "1 " through "59" with the same force and effect as if fully set forth herein.

9

61.    That Defendants Defendant Police Officers EARL JAVELLANA, MEGAN CARROLL, JONATHAN KANE, TODD CRAVEN and LUDWIG ROMERO deprived Irving Mizell of life or liberty without due process of law.

62.    That as a result of the conduct of Defendants, Irving Mizell suffered from serious injuries and therefore required immediate medical attention.

63.    That as a result of the conduct of Defendants, Irving Mizell suffered from serious injuries, including cardiac arrest, hypertensive and atherosclerotic cardiovascular disease, cardiac hypertrophy, renal arteriolar sclerosis, aortic atherosclerosis, abrasions of face, hands and legs, contusions of face, right ear, arms and torso, contusions of lower lobe of left lung, subcutaneous contusions of arms, torso and legs, left bulbar conjunctival hemorrhage and abrasion of inside of upper lip and therefore required immediate medical attention.

64.    That conduct complained of herein was attributable to Police Officers EARL JAVELLANA, MEGAN CARROLL, JONATHAN KANE, TODD CRAVEN and LUDWIG ROMERO, who were acting under color of state law as officers of the New York City Police Department.

65.    That the conduct complained of herein deprived the plaintiff of a right guaranteed under the Constitution of the United States.

66.    That the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States, including the 14th Amendment which requires the responsible government or governmental agency to provide medical care to persons who have been injured while being apprehended by the police.

67.    That Defendants Police Officers EARL JAVELLANA, MEGAN CARROLL, JONATHAN KANE, TODD CRAVEN and LUDWIG ROMERO violated the Due Process

Clause of the 14th Amendment which protects a pretrial detainee from the use of excessive force that amounts to punishment.

68.     That Defendants Police Officers EARL JAVELLANA, MEGAN CARROLL, JONATHAN KANE, TODD CRAVEN and LUDWIG ROMERO violated the Plaintiff's 14th Amendment rights of Plaintiff to be provided needed medical treatment, and that such deprivation amounted to punishment without due process of law.

69.     That the conduct of Defendants Police Officers EARL JAVELLANA, MEGAN CARROLL, JONATHAN KANE, TODD CRAVEN and LUDWIG ROMERO in failing to timely provide necessary medical treatment was conscience-shocking.

70.     That Defendants Police Officers EARL JAVELLANA, MEGAN CARROLL, JONATHAN KANE, TODD CRAVEN and LUDWIG ROMERO exhibited deliberate indifference to the serious medical needs of Irving Mizell.

71.     That as a result of said indifference, Irving Mizell was caused unnecessary and wanton infliction of pain.

72.     Defendants failed to act while actually aware of a substantial risk that serious harm will result to Irving Mizell.

73.     That Irving Mizell was deprived of adequate medical care.

74.     That Defendants Police Officers EARL JAVELLANA, MEGAN CARROLL, JONATHAN KANE, TODD CRAVEN and LUDWIG ROMERO acted unreasonably when faced with Irving Mizell's health risk while in Defendant's custody.

75.     That Irving Mizell's condition was sufficiently serious such that same was likely to cause, and did cause, death, degeneration, and extreme pain.

76.    That Irving Mizell's medical conditions were such that a reasonable doctor or patient would find it important and worthy of comment, that Plaintiff's condition significantly affected Plaintiff's daily activities, and Plaintiff sustained chronic and substantial pain, such that Defendants Police Officers EARL JAVELLANA, MEGAN CARROLL, JONATHAN KANE, TODD CRAVEN and LUDWIG ROMERO should have called for immediate medical attention for Irving Mizell.

77.    That Defendants Police Officers EARL JAVELLANA, MEGAN CARROLL, JONATHAN KANE, TODD CRAVEN and LUDWIG ROMERO conduct constituted a denial of Plaintiff's due process right to medical care while in detention.

78.    That Defendants Police Officers EARL JAVELLANA, MEGAN CARROLL, JONATHAN KANE, TODD CRAVEN and LUDWIG ROMERO were deliberately indifferent to Irving Mizell's need for immediate medical attention in that said individuals were aware of a substantial risk of harm to Irving Mizell and disregarded that risk.

79.    That Defendants Police Officers EARL JAVELLANA, MEGAN CARROLL, JONATHAN KANE, TODD CRAVEN and LUDWIG ROMERO were actually aware that there was a substantial risk of harm to Irving Mizell.

80.    That Defendants Police Officers EARL JAVELLANA, MEGAN CARROLL, JONATHAN KANE, TODD CRAVEN and LUDWIG ROMERO deliberately disregarded the risk of harm and the ongoing pain being caused to Irving Mizell.

81.    That Defendants Police Officers EARL JAVELLANA, MEGAN CARROLL, JONATHAN KANE, TODD CRAVEN and LUDWIG ROMERO's denial of medical treatment was objectively unreasonable focusing on the circumstances confronting the police at the time of the arrest.

82.     That Defendants Police Officers EARL JAVELLANA, MEGAN CARROLL, JONATHAN KANE, TODD CRAVEN and LUDWIG ROMERO exhibited deliberate indifference to Irving Mizell's serious illness or injury by providing inadequate treatment, untimely treatment, and by intentionally denying or delaying access to medical care, and intentionally interfering with the treatment once prescribed.

83.     That the conduct complained of herein deprived the plaintiff of a right guaranteed under the Constitution of the United States.

84.     That the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States, including the Fourth Amendment which requires the responsible government or governmental agency to provide medical care to persons who have been injured while being apprehended by the police

85.     That as a result of the foregoing, Plaintiff's intestate sustained, among other injuries, devastating and catastrophic injuries to his head, neck, back, heart and body causing significant pain and suffering and fear of impending death; and that since the foregoing injuries were left untreated they caused additional and unwarranted pain and suffering, and that the foregoing injuries caused, hastened and/or resulted in the premature death of Plaintiff's intestate MIZELL on March 7, 2013.

86.     That the amount of damages sought herein exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION FOR:
## WRONGFUL DEATH

87.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.     That by reason of the foregoing carelessness and negligence of defendants, their agents, servants, staff members, independent contractors, and/or employees, same caused, precipitated and/or hastened the death of the decedent on March 7, 2013.

89.     That by reason of the foregoing and the wrongful death of plaintiff's intestate MIZELL, plaintiff SHANDRICA was compelled to expend and/or incur various sums of money for medical, hospital and funeral and burial expenses.

90.     That decedent left her surviving daughter plaintiff SHANDRICA as distributee and that said distributee has suffered substantial pecuniary injuries by reason of the death of plaintiff's intestate MIZELL under the Estates, Powers & Trusts Law, all to her damage.

91.     By reason of the death of plaintiff's intestate MIZELL, plaintiff SHANDRICA has been and will continue to be deprived of the love, support, services, consortium and society of her father, plaintiff's intestate MIZELL, all to her damage.

92.     The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     Full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for plaintiff against defendants (individually or collectively) or as determined by a jury:

(B)     Punitive damages in an amount to be determined by a jury:

(C)     Reasonable attorney's fees and the costs, expenses and disbursements of this action; and

D)      Such other and further relief as appears just and proper.

WHEREFORE, plaintiff demands judgment against the defendants, each of them, on the First,

Second, and Third Causes of Action herein including attorneys fees pursuant to 42 USC 1988, in

such sums as a jury may find fair, reasonable and just, together with the interest, costs and

disbursements of this action.

Dated: New York, New York
        February 23, 2015

RHEINGOLD, VALET, RHEINGOLD,
McCARTNEY & GIUFFRA LLP
Attorneys for Plaintiffs


By: _____
        Jeremy A. Hellman (JH 6372)
113 E. 37th Street
New York, NY 10016
Tel: (212) 684-1880
Fax: (212) 689-8156
jhellman@rheingoldlaw.com


To:

Arthur G Larkin
NYC Office of Corporation Counsel
Special Federal Litigation Division
100 Church Street- Rm 3-180
New York, NY 10007
212-356-2641
Fax: 212-788-9776
Email: alarkin@law.nyc.gov

Angharad K Wilson
New York City Law Department, Corporation Counsel
100 Church Street, 3-173b
New York, NY 10007
212-356-2572
Fax: 212-788-9776
Email: awilson@gmail.com

Kimberly Marie Joyce
NYC Law Department
100 Church Street
New York, NY 10007
(212) 356-2650
Fax: (212) 788-9776
Email: kjoyce@law.nyc.gov

Douglas LaBarbera
Worth, Longworth and London LLP
111 John Street, Suite 640
New York, NY 10038
212-964-8038
Fax: 212-964-8164
Email: dlabarbera@pbalawyers.com

Mitchell Garber
Worth, Longworth & London, LLP
111 John Street Suite 640
New York, NY 10038
(212) 964-8038
Fax: (212) 964-8164
Email: mgarber@pbalawyers.com

<u>ATTORNEY'S VERIFICATION</u>

STATE OF NEW YORK    )
                              ):ss.:
COUNTY OF NEW YORK  )

    I, Jeremy A. Hellman, an attorney duly admitted to practice law in the State of New York, make the following affirmation under the penalties of perjury:

1.    I am an Attorney with Rheingold, Valet, Rheingold, McCartney & Giuffra LLP, attorney of record for Plaintiffs.

2.    I have read the foregoing Amended Verified Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

3.    This verification is made by affirmant and not by the plaintiffs because they are not in the County of New York, which is the County where the affirmant maintains his office.

4.    The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiffs, information contained in the said plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated: New York, New York
        February 23, 2015

                                      RHEINGOLD, VALET, RHEINGOLD,
                                      McCARTNEY & GIUFFRA LLP
                                      Attorneys for Plaintiffs

                                      By: _____
                                        Jeremy A. Hellman (JH 6372)
                                  113 E. 37th Street
                                  New York, NY 10016
                                  Tel: (212) 684-1880
                                  Fax: (212) 689-8156
                                  jhellman@rheingoldlaw.com

17

**FACE OF DOCUMENT CONTAINS A MULTICOLORED VOID PANTOGRAPH AND MICROPRINT BORDER. THIS DOCUMENT ALSO HAS INVISIBLE FLUORESCENT FIBERS, ARTIFICIAL WATERMARK ON BACK, AND A CHEMICAL REACTIVE VOID FEATURE.**

C20 (Rev. 1/07)

Certificate# 25275

# Surrogate's Court of the State of New York
## Richmond County
### Certificate of Appointment of Administrator

File #:  2014-418

IT IS HEREBY CERTIFIED that Letters in the estate of the Decedent named below have been granted by this court, as follows:

Name of Decedent:    **Irving Dwayne Mizell**          Date of Death:  **March 7, 2013**

Domicile:    **Richmond County**

Fiduciary Appointed:    **Shandrica Edwards-El**

Mailing Address:    3134 US Route 11
Parish NY 13131

Type of Letters Issued:    **LETTERS OF LIMITED ADMINISTRATION**

Letters Issued On:    **May 8, 2014**

Limitations:
Said Letters are Limited to the prosecution of a cause of action, and the Administrator is hereby restrained from a compromise of such action or any other action and/or the enforcement of any judgment recovered therein until the further Order of this Court upon the filing of satisfactory security, or the order of any court of competent jurisdiction (EPTL 5-4.6).

and such Letters are unrevoked and in full force as of this date.

Dated:  May 8, 2014

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of the Richmond County Surrogate's Court at Staten Island, New York.

WITNESS, Hon. Robert J. Gigante, Judge of the Richmond County Surrogate's Court.

Ronald M Cerrachio, Chief Clerk
Richmond County Surrogate's Court

*This Certificate is Not Valid Without the Raised Seal of the Richmond County Surrogate's Court*

*On the Date Written Below LETTERS are Granted by the Surrogate's Court, State of New York as follows:*

**File #: 2014-418**

Name of Decedent:      **Irving Dwayne Mizell**

Date of Death: **March 7, 2013**

Domicile of Decedent:    **Richmond County**

Fiduciary Appointed:     **Shandrica Edwards-El**
Mailing Address          3134 US Route 11
                            Parish NY  13131

Letters Issued:         **LETTERS OF LIMITED ADMINISTRATION**

Limitations:
**Said Letters are Limited to the prosecution of a cause of action, and the Administrator is hereby restrained from a compromise of such action or any other action and/or the enforcement of any judgment recovered therein until the further Order of this Court upon the filing of satisfactory security, or the order of any court of competent jurisdiction (EPTL 5-4.6).**

THESE LETTERS, granted pursuant to a decree entered by the court, authorize and empower the above-named fiduciary or fiduciaries to perform all acts requisite to the proper administration and disposition of the estate/trust of the Decedent in accordance with the decree and the laws of New York State, subject to the limitations and restrictions, if any, as set forth above.

**Dated: May 8, 2014**

IN TESTIMONY WHEREOF, the seal of the Richmond County Surrogate's Court has been affixed.

WITNESS, Hon Robert J. Gigante, Judge of the Richmond County Surrogate's Court.



_____
Ronald M Cerrachio, Chief Clerk

*These Letters are Not Valid Without the Raised Seal of the Richmond County Surrogate's Court*

**Attorney:**
**Rheingold Valet Rheingold McCartney & Giuffra LLP**
113 East 37th Street
New York NY  10016