UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: SHANDRICA EDWARDS-EL as Administratrix of the Estate of IRVING MIZELL, Deceased, and SHANDRICA EDWARDS-EL, Individually,<br><br>      Plaintiffs,<br><br>-against-<br><br>THE CITY OF NEW YORK, POLICE OFFICER EARL JAVELLANA, POLICE OFFICER MEGAN CARROLL, POLICE OFFICER JONATHAN KANE, POLICE OFFICER TODD CRAVEN and LT. LUDWIG ROMERO,<br><br>      Defendants. | Docket No.: 1:14-cv-04507-SJ-VMS<br><br>**ATTORNEY'S REVISED AFFIRMATION IN SUPPORT OF PLAINTIFF'S APPLICATION TO APPROVE THE SETTLEMENT** |

  THOMAS P. GIUFFRA, an attorney duly admitted to practice law in the State of New York affirms, under the penalties of perjury, the following:

  1. I am member of the law firm of Rheingold Giuffra Ruffo & Plotkin LLP, counsel for the Plaintiff in the within action and as such am fully familiar with all the facts and circumstances surrounding the within action, the source of my knowledge being the file maintained by my firm and conversations with the Plaintiff.

  2. That I submit this revised affirmation in support of the Plaintiff's application for leave to approve the settlement of the within action, permitting the Administrator to execute any and all necessary settlement documents and to collect the settlement proceeds in this matter, approving the allocation of one hundred percent (100%) of the proposed settlement of $650,000.00 to the cause of action for conscious pain and suffering and the allocation of zero percent (0%) of the proposed settlement to the cause of action for wrongful death, approving the attorneys' fee and

1

disbursements, approving the distribution of the remainder of the settlement funds to the Estate of Irving Mizell and for such other and further relief as this Court may deem just and proper.

3. Plaintiff Shandrica Edwards-El retained the law firm of Rheingold Giuffra Ruffo & Plotkin LLP (formerly known as Rheingold, Valet, Rheingold, McCartney & Giuffra LLP) on January 31, 2014 to investigate potential claims for conscious pain and suffering and wrongful death of her father while he was in the custody of the NYC Police Department. A statement of retainer was filed with the Office of Court Administration and this case was assigned code number 3772854 on February 28, 2014. The terms of the retainer agreement provide for an attorneys' fee of thirty three and one-third percent (33 1/3%) of the sum recovered, whether recovered by suit, settlement or otherwise, provided that in the event extraordinary services are required, the attorney may apply to the Court for greater compensation. A copy of the Retainer Statement is annexed hereto as **Exhibit "A"**.

4. Plaintiff Shandrica Edwards-El was appointed Administrator of the Estate of Irving Dwayne Mizell a/k/a Irving Mizell on May 8, 2014 by the Richmond County Surrogate's Court. Annexed hereto as **Exhibit "B"** is a copy of the Letters of Limited Administration.

5. Shandrica Edwards-El is the non-marital, natural born daughter of the decedent, Irving Mizell and is over the age of 18 years having been born on November 11, 1983. She resides at 1075 Castleton Avenue, Apt. 3H, Staten Island, NY 10310 and is a permanent resident and natural born citizen of the United States.

6. Irving Mizell a/k/a Irving Dwayne Mizell died on March 7, 2013 while in the custody of the defendants in this action. He was 52 years old at the time of his death, having been born on July 13, 1960. Mr. Mizell was a permanent resident and natural born citizen of the United

States. His residency at the time of his death was 456 Richmond Terrace, Apt. 7G, Staten Island, NY 10301. Annexed hereto as **Exhibit "C"** is a copy of his death certificate.

7. It was plaintiff's contention in the underlying lawsuit that the defendants falsely arrested the plaintiff/decedent on March 7, 2013 and while in their custody, the police officers physically assaulted Mr. Mizell and then subsequently ignored his pleas for help and medical assistance. It was only after the police realized that Mr. Mizell had become unconscious did the police summon medical assistance.

8. Mr. Mizell was transported to a hospital on March 7, 2013 where he was subsequently pronounced dead. An autopsy was performed which listed the causes of death as sudden cardiac death due to anomalous origin of left main coronary artery with acutely angled origin from right aortic cusp and abnormal course between pulmonary artery and aorta. The autopsy report also lists as another significant contributing factor to his death as being acute intoxication by the combined effects of ethanol and diazepam. The autopsy report also describes multiple blunt trauma injuries found on almost all parts of Mr. Mizell's body, most notably including bleeding in the brain, but the Medical Examiner did not causally connect any of those injuries to Mr. Mizell's death. Annexed hereto as **Exhibit "D"** is a copy of the autopsy report.

9. Upon being retained, your affirmant's firm conducted an extensive investigation into all of the facts and circumstances surrounding the within matter. Our firm requested and obtained copies of the decedent's hospital and medical records, autopsy report, photographs and police reports. Our firm retained the services of medical experts as well as a legal nurse consultant to review and analyze the records.

10. We timely prepared and filed the necessary Notices of Claim in this matter. A statutory hearing pursuant to General Municipal Law Section 50-h was never requested.

Therefore, an action was subsequently timely commenced against defendants, The City of New York, Police Officer Earl Javellana, Police Officer Megan Carroll, Police Officer Jonathan Kane, Lt. Ludwig Romero; and Police Officer Todd Craven by filing a complaint in the United States Eastern District on July 28, 2014 and the action was assigned Docket Number 14-CV-4507 (SJ) (VMS).

11. The Complaint was amended on August 1, 2014 and after defending numerous motions, issue was joined by service of defendants' respective answers. We thereafter prepared and served separate, individual verified bills of particulars in response to defendants' demands. We then appeared before this Court for conferences held before Magistrate Judge Vera M. Scanlon and Judge Sterling Johnson, Jr. on January 31, 2015; February 9, 2015; February 19, 2015; March 9, 2015; May 29, 2015; June 5, 2015; August 19, 2015; November 5, 2015; February 11, 2016; March 3, 2016; May 6, 2016; May 10, 2016; June 28, 2016; July 27, 2016; October 27, 2016; March 15, 2017; April 25, 2017 and November 30, 2017.

12. Discovery motions were made and defended, and discovery was exchanged. Your affirmant's firm continued with the pre-trial discovery process and served demands on defense counsel and we also served comprehensive demands for discovery and inspection.

13. We conducted multiple depositions including depositions of the decedent's brother, George Mizell, the decedent's girlfriend Sherry Ellison and the decedent's daughter, the plaintiff Shandrica Edwards-El herein. We conducted multiple depositions of defendants, including depositions of Police Officer Earl Javellana; Police Officer Meghan Carroll; Police Officer Todd Craven; and a records person from the NYPD.

14. Thereafter, a voluntary Stipulation of Dismissal was entered into as to defendants Police Officer Jonathan Kane and Lieutenant Ludwig Romero which was So-Ordered by Judge Sterling Johnson, Jr. on April 4, 2016. Jury selection and trial was then set for December 4, 2017.

15. Our firm conducted extensive trial preparation, including a review of all records and transcripts of depositions. We discussed the matter with the expert physicians that had reviewed the matter and served expert disclosures. We enlarged certain documents in anticipation of using them as demonstrative evidence at trial.

16. Your affirmant entered into settlement negotiations with counsel for the defendants. On November 30, 2017 a final offer of settlement was made in the total amount of $650,000.00 to settle all causes of action against the defendants The City of New York, Police Officer Earl Javellana, Police Officer Megan Carroll and Police Officer Todd Craven, with the defendants The City of New York, Police Officer Javellana and Police Officer Megan Carroll contributing the sum of $642,500.00 and defendant Police Officer Todd Craven contributing the sum of $7,500.00.

16. The case was marked settled and removed from the Court's calendar on January 11, 2018.

17. Your affirmant believes that accepting the foregoing offer of settlement would be in the best interest of the estate of the decedent and those interested therein to accept the settlement offer and that this is the largest amount that can be obtained without further litigation. Although it is our contention that the defendants wrongfully assaulted the decedent while he was in their custody and wrongfully deprived him of prompt medical care, the evidence is unclear as to what actually caused his death. It is undisputed that the decedent was intoxicated at the time of this event and endured a minimal period of pain and suffering. Furthermore, Mr. Mizell was not

employed at the time of his death and no one was financially dependent upon him so the claims for wrongful death were tenuous at best.

18. Based on the difficulty in proving the damages in this case, your affirmant believes that acceptance of the proposed settlement would be in the best interest of the estate rather than risk submitting the issues to a trial and jury thus risking a verdict in an amount less than the settlement offer herein or a defendant's verdict and I have so advised the plaintiff.

19. The Plaintiff agrees with your affirmant's recommendations and has consented to accept this offer of settlement from defendants.

20. It is proposed that one hundred percent (100%) of the settlement offered herein be allocated to the cause of action for conscious pain and suffering and that zero percent (0%) be allocated to the cause of action for wrongful death based on the fact that the pain and suffering can be proven, whereas it would be extremely difficult to establish any pecuniary damages suffered by the plaintiff herein.

21. That as set forth in the annexed Plaintiff's Affidavit, the decedent was not married. The decedent was survived by one natural born child, the plaintiff and Administrator herein, Shandrica Edwards-EL who is his sole heir and distributee. Plaintiff/decedent never adopted any children.

22. Accordingly, the entirety of the settlement shall be distributed pursuant to EPTL §5-4.4. After payment of attorney's fees and reimbursement of distributions, the balance shall be distributed to the Estate of Irving Mizell in the above captioned matter.

23. There are no outstanding hospital, medical or worker's compensation liens due and owing against the proceeds of this estate arising out of this lawsuit. There are no other unpaid medical or hospital bills or liens outstanding against the decedent or his estate; there are no liens

or claims filed by any department or hospital of the State of New York or the City of New York; that no other claims have been filed by the Department of Welfare or other governmental agency or department against the decedent or his estate; no claims of any creditors have been filed against the estate or the decedent nor have any come to the attention of your affirmant or the Administrator arising out of this lawsuit. Your deponent caused a check if the records of this court to be made for liens, assignments and encumbrances, and found none. All funeral bills and other claims against the decedent have been paid. There are no outstanding liens or claims except for the attorneys' fees, expenses and disbursements. Your affirmant has been advised by plaintiff that she does not know of any liens filed or recorded, and your deponent has inquired of the plaintiff and is satisfied that the there are no claims.

24. Your affirmant's retainer with the Plaintiff herein provides for an attorneys' fee of 33 1/3% percent on all sums collected subsequent to the filing of a complaint after the reimbursement of disbursements and expenses advanced. Your affirmant's law firm has incurred disbursements in the sum of $30,347.05. After deducting that amount from the gross amount of the $650,000.00 settlement offer, the attorneys' fee of one-third is calculated on the net amount of the settlement of $619,652.95 for an attorneys' fee of $206,550.98, leaving a balance of $413,101.97 to be distributed to the Estate of Irving Mizell a/k/a Irving Dwayne Mizell.

25. The general expenses advanced and incurred by counsel on behalf of the Estate, are as follows:

| | | |
|---|---|---|
| Healthport | Medical Records | $ 9.86 |
| North Shore Agency | Medical Records | $ 92.91 |
| Ciox Health | Medical Records | $ 17.03 |

| | | |
|---|---|---:|
| Diamond Reporting | Depositions | $ 2,335.55 |
| Richmond Surrogate's Court | Filing Fees | $ 1,262.00 |
| United Process Service | Process Server | $ 895,50 |
| Clerk of the Court E.D. NY | Filing Fees | $ 400.00 |
| Social Security Administration | SS Records | $ 181.00 |
| P.M. Legal | Process Server | $ 25.00 |
| NYC Fire Dept. 5/28/18 | Ambulance Report | $ 1.50 |
| Fed Ex | Overnight Mailings | $ 89.20 |
| Frances R. Murphy, MA | Expert Fee | $ 7,787.50 |
| Mark L. Taff, M.D. | Expert Fee | $13,000.00 |
| Andrew Stolback, M.D. | Expert Fee | $ 4,250.00 |
| | | **$30,347.05** |

26. In view of the results achieved, plaintiff would request the court to approve a fee as follows: That the attorney's disbursements in the sum of $30,347.05 first be deducted from the gross settlement of $650,000.00; that out of the balance of $619,652.95 a fee of $206,550.98 be approved, for a total to Rheingold Giuffra Ruffo & Plotkin LLP of $236,898.03. The plaintiff Shandrica Edwards-El consents to the foregoing request for attorneys' fee and reimbursement of disbursements.

27. Your affirmant's firm has not become concerned in this application or the subject matter thereof at the instance of the defendants, their representatives or their attorneys, nor have we received nor are we to receive any compensation from the defendants, directly or indirectly and the monies we have or will receive herein is the fee in accordance with the agreement of

8

retainer which provides thirty-three and one third (33 1/3) as indicated above. We respectfully request approval of the attorneys' fees and disbursements in the foregoing amounts.

28. It is further requested that in addition to approval of the aforementioned legal fees and disbursements, this Court authorize the Administrator Shandrica Edwards-El to execute General Releases and such other settlement papers as are necessary to collect the aforementioned settlement amount of $650,000.00.

29. The Plaintiff as Administrator waives her statutory commissions and waives a surety bond as the Administrator of the Estate of Irving Mizell a/k/a Irving Dwayne Mizell, deceased.

30. Plaintiff has been provided a copy of the proposed Order that is attached to this application and approves of the proposed Order and requests that it be signed by the Court.

29. No other or previous application has been made for the relief sought herein.

WHEREFORE, it is respectfully requested that this Court sign the annexed Order approving the settlement of the cause of action for conscious pain and suffering brought on behalf of the Estate of Irving Mizell a/k/a Irving Dwayne Mizell; discontinue all remaining causes of action with prejudice and without costs or disbursements; approve the allocation and distribution of the settlement funds as set forth herein; and for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       June 13, 2019

_____
THOMAS P. GIUFFRA